UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| GERARD J. PUGH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CV412-271 |
| | ) |
| ROGERS STATE PRISON, | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Gerard J. Pugh -- a 28 U.S.C. § 1915(g) three-striker -- has filed another successive 28 U.S.C. § 2254 petition. Doc. 1; *see Pugh v. Smith*, CV405-062, doc. 7 (S.D. Ga. May 18, 2005) (dismissing § 2254 petition as successive). Unsurprisingly, he has failed to mention this Court's 2005 ruling on that score. Pugh's *in forma pauperis* (IFP) motion (doc. 2) is **GRANTED,** but his petition is subject to immediate dismissal, for this Court lacks jurisdiction to entertain a second or successive habeas petition without an order from the court of appeals authorizing

consideration of the petition.[1] 28 U.S.C. § 2244(b)(3)(A); *Tompkins v. Sec'y, Dep't of Corrs.*, 557 F.3d 1257, 1259 (11th Cir. 2009); *see also Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997).

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving sua sponte denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken

---

[1] Pugh is reminded that repetitive filings fetch sanctions. *See Smith v. Fl. Dept. of Corr.*, 369 F. App'x 36, 40 (11th Cir. 2010) (injunction prohibiting state prisoner from filing *in forma pauperis* petitions in civil cases litigated in federal court was not overbroad, where prisoner was not prohibited from actions in which he paid the appropriate fees, from criminal cases, or from litigating in state courts), *applied* to enjoin further habeas relitigation in *Harris v. St. Lawrence*, 2010 WL 4279534 at * 2 (S.D. Ga. Sep. 20, 2010), *adopted*, 2010 WL 4279524 (S.D. Ga. Oct. 25, 2010); *see also Miller v. Williams*, CV411-065 doc. 5, 2011 WL 1898921 at * 2 (S.D. Ga. May 17, 2011) (sanctioning abusive habeas filer, and citing, inter alia, Alexander v. United States, 121 F.3d 312, 315–16 (7th Cir. 1997) (imposing, inter alia, a $500 sanction on a pro se inmate raising frivolous arguments in support of a third successive 28 U.S.C. § 2255 motion and instituting "paper-less review" of any future collateral attack filings)), *adopted*, docs. 9 & 10 (S.D. Ga. Jun. 2, 2011).

in good faith. Thus, IFP status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 15TH day of November, 2012.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA